José Pereira, demandante y recurrido, v. Mary Ann Reyes de Sims et al., demandados y peticionarios.

Número: CE-89-720          Resuelto: 30 de abril de 1990

*Carlos R. Teissonniere León,* abogado de los peticionarios; *Antonio Zapater Cajigas,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitó la opinión del Tribunal.

I

El 17 de marzo de 1988 José Pereira instó acción para alegar que mediante escritura pública otorgada el 3 de noviembre de 1981 Doña Carmelina Ghigliotti Rodríguez adquirió por compra un inmueble sito en la urbanización Los Caobos consistente de casa y solar el cual donó a la codemandada Mary Ann Reyes de Sims —quien era sobrina— mediante escritura de 8 de agosto de 1984, un condominio de una mitad. El demandante alega que estuvo casado con doña Carmelina desde el 28 de noviembre de

1942 hasta la fecha del fallecimiento de ésta. No obstante, en el título adquisitivo de la propiedad se hizo constar que doña Carmelina era soltera. El demandante alega que le pertenece la mitad de lo recibido en frutos, rentas y emolumentos producidos por el inmueble debido al carácter ganancial del mismo. También impugna la disposición testamentaria de doña Carmelina a favor de Mary Ann Reyes y la venta que luego hizo ésta a favor de los codemandados Jorge Méndez Correa y Felícita Reyes de Méndez.

El 22 de noviembre de 1988 los peticionarios presentaron una moción en la que alegaron que de la propia demanda surge que el demandante es residente de Illinois. Solicitaron en ese escrito que se le requiriera la prestación de fianza a los no residentes para garantizar costas, gastos y honorarios de abogado.

La parte demandante se opuso a esta solicitud; alegó que al amparo de la Regla 69.6(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, está expresamente excluido de prestar la misma. Originalmente el tribunal dictó resolución e impuso al demandante la prestación de $2,000 en calidad de fianza de no residente.

Posteriormente, los demandados solicitaron la paralización de los procedimientos hasta tanto se realizara la prestación de la fianza. Mientras tanto, la parte demandante había solicitado embargo en aseguramiento de sentencia a lo cual accedió el tribunal.(1) Los demandados solicitaron que se dejara el embargo sin efecto ya que la solicitud de aseguramiento no les fue notificada y el tribunal incidió al conceder un remedio provisional sin exigir fianza.(2)

El tribunal señaló la discusión de las mociones para el 23 de enero de 1989. Luego de celebrada la vista, el tribunal emitió resolución el 24 de octubre de 1989. Mediante la resolución se dejó

---

(1) El embargo fue emitido sobre la renta que producía el inmueble y en el mismo se ordenó a los arrendatarios consignar los cánones de arrendamiento en el tribunal.

(2) Se eximió de la prestación de fianza "por el fundamento de que la reclamación que genera o activa el presente embargo versa sobre bienes gananciales y el presente caso es uno comprendido en el párrafo (b) de la Regla 69.6 de las de Procedimiento Civil de 1979, teniendo, por tanto, el tribunal discreción para exonerar a quien solicita dicho remedio, provisional de la prestación de fianza, lo que así, se dispone por la presente". *Exhibit* VII, pág. 23.

sin efecto la orden sobre prestación de fianza de no residente, se declaró sin lugar la moción de los demandados para solicitar que se dejara sin efecto el embargo y se declaró sin lugar la moción de solicitud de paralización de los procedimientos. La parte demandada recurre ante nos alegando los errores siguientes:

[A.] Erró el Honorable Tribunal de Instancia al dejar sin efecto su propia Resolución sobre prestación de fianza de no residente impuesta al demandante-reconvenido.

[B.] Erró el Honorable Tribunal de Instancia al declarar sin lugar la moción de los peticionarios solicitando dejar sin efecto la Orden de Embargo.

[C.] Erró el Honorable Tribunal de Instancia al declarar sin lugar la moción de los peticionarios sobre solicitud de paralización de los procedimientos. Petición, pág. 3.

Revisamos mediante orden para mostrar causa.

II

La Regla 69.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone:

Cuando el demandante residiere fuera de Puerto Rico o fuere una corporación extranjera, se le requerirá para que preste fianza para garantizar las costas, gastos y honorarios de abogados en que pudiere ser condenado. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil (1,000) dólares. El tribunal podrá ordenar que se preste fianza adicional si se demostrare que la fianza original no es garantía suficiente, y se suspenderán los procedimientos en el pleito hasta que se hubiere prestado dicha fianza adicional.

En *Molina v. C.R.U.V.*, 114 D.P.R. 295 (1983), manifestamos que el propósito de esta regla es garantizar a la parte victoriosa el pago de las costas, gastos y honorarios de abogado por el litigante no residente que ha perdido el pleito. Específicamente dijimos:

Ciertamente, la ausencia de un litigante de nuestra jurisdicción presenta el grave inconveniente de su inaccesibilidad a los fines de

hacer efectivo el recobro de dichas partidas. En tal caso, la parte prevaleciente tendría que acudir a la jurisdicción de la residencia del demandante foráneo para pedir la ejecución allí de su sentencia, lo que en ocasiones resulta ser económicamente impracticable.

En la opinión concurrente del Juez Asociado Señor Negrón García se señala que:

> De entrada observamos que la fianza de no residente goza en esencia de la naturaleza de un aseguramiento provisional y parcial de una sentencia, en lo concerniente a las costas, gastos y honorarios de abogado. El que aplique a personas no residentes no desvirtúa esa característica sino m[á]s bien tiende a justificar su existencia legítima.

■ La Regla 69.6(b) de Procedimiento Civil, *supra*, dispone a su vez aquellos casos en que no se exigirá la fianza de no residente:

> No se exigirá prestación de fianza:
>
> .       .       .       .       .       .       .       .
>
> (b) a ninguna *parte* en un pleito de divorcio, de relaciones de familia o *sobre bienes gananciales*, a menos que el Tribunal dispusiera lo contrario en casos meritorios. (Énfasis suplido.)

En los comentarios a la regla de 1979 se apunta que se cambia la palabra "cónyuge" por "parte" para extender su aplicación a pleitos de relaciones de familia entre partes que no son cónyuges. El tratadista Cuevas Segarra opina que "por su redacción podrá ser aplicable la sección a casos de custodia de menores entre concubinos o en los de liquidación de la comunidad concubinaria; o en casos de filiación para asegurar bienes del caudal paterno." J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1989, Vol. II, pág. 345.

También se utiliza como razonamiento para el cambio el que debía extenderse al ex cónyuge ya que de lo contrario la regla no sería aplicable en caso de división de gananciales. R. Hernández Colón, *Manual de Derecho Procesal Civil*, 2da ed. rev., New Hampshire, Equity Publishing Corp., 1981, Sec. 1715, pág. 132.

Luego de este breve trasfondo, pasemos a nuestro caso en particular. El demandante José Pereira es residente de Illinois.

Según la Regla 69.5 de Procedimiento Civil, *supra*, debe pagar la fianza de no residente a no ser que caiga bajo una de las excepciones dispuestas por la Regla 69.6(b) de Procedimiento Civil, *supra*. El tribunal resolvió que el demandante no tenía que prestar la fianza de no residente ya que se trataba de un pleito sobre bienes gananciales y, por tal razón, caía bajo las excepciones de la mencionada regla. No le asiste la razón.

■ En el presente caso el demandante instó la acción alegando un vínculo matrimonial con la dueña original del inmueble. El inmueble en cuestión nunca estuvo inscrito a favor de la sociedad legal de gananciales o bajo el nombre del demandante. Por el contrario, aparecía como dueña doña Carmelina y su estado civil: soltera. Al momento de iniciarse la demanda no estaban presentes ninguna de las excepciones provistas por la Regla 69.6(b) de Procedimiento Civil, *supra*. No estamos ante un pleito entre ex cónyuges. Por el contrario, es un pleito ordinario contra terceros en el que se piden diversos remedios. No se puede expandir la aplicación de esta regla de excepción por la mera alegación de que el inmueble tiene visos de participación ganancial. Es durante el juicio que el demandante puede prevalecer en su contención principal de que el bien era ganancial. Erró el tribunal al eximir al demandante de prestar la fianza de no residente.

### III

■ La Regla 56.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone el embargo de bienes como una de las medidas sobre aseguramiento de la efectividad de las sentencias. Según esta regla, en todo pleito antes o después de la sentencia, mediante moción del reclamante, el tribunal puede dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia.

■ Como regla general, deberá prestarse fianza para que proceda la orden provisional. El propósito de la fianza es garan-

tizar que puedan recobrarse los daños cuando exista la posibilidad de que el embargo pueda resultar ilegal o indebido. Las propias reglas dispusieron los casos en que se podrá conceder un remedio provisional sin la prestación de fianza:

(1) Si apareciere de documentos públicos o privados, según definidos por ley, firmados ante una persona autorizada para administrar juramento, que la obligación es legalmente exigible; o

(2) Cuando se tratare de un litigante insolvente que estuviere expresamente exceptuado por ley para el pago de aranceles y derechos de radicación y a juicio del tribunal la demanda adujere hechos suficientes para establecer una causa de acción cuya probabilidad de triunfo fuere evidente o pudiere demostrarse, y hubiere motivos fundados para temer, previa vista al efecto, que de no obtenerse inmediatamente dicho remedio provisional, la sentencia que pudiera obtenerse resultaría académica porque no habría bienes sobre los cuales ejecutarla; o

(3) Si se gestionare el remedio después de la sentencia. Regla 56.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

■ A su vez, las Reglas 56.4 y 56.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, permiten al tribunal expedir moción *ex parte* de un reclamante si se cumplió con los requisitos de la Regla 56.3 de Procedimiento Civil antes citada.

En el caso de *Domínguez Talavera v. Tribunal Superior*, 102 D.P.R. 423, 426 (1974), en que se impugnó la constitucionalidad de este procedimiento *ex parte*, resolvimos que:

. . . [L]a Regla 56 de Procedimiento Civil satisface las exigencias del debido proceso logrando un razonable equilibrio entre los derechos del acreedor y el deudor, pues dispensa la previa notificación y vista sobre la solicitud de embargo como remedio provisional únicamente en la situación reglada por la Regla 56.4 que en lo relevante a bienes muebles dispone: "Si se hubiera cumplido con los requisitos de la Regla 56.3, el tribunal deberá expedir, a moción ex parte de un reclamante, una orden de embargo o de prohibición de enajenar."

Añadimos que aun cuando se autorice el embargo *ex parte*, la Regla 56.3 de Procedimiento Civil, *supra*, exige fianza al demandante o evidencia documental demostrativa de la legitimidad de su

reclamación y, por otro lado, concede al demandado el derecho a disolver el embargo y retener los bienes mediante prestación de fianza.

En el caso de autos, el tribunal de instancia dictó la orden de embargo *ex parte* y sin previa prestación de fianza. Fundamentó su decisión en que la reclamación que generó el embargo versa sobre bienes gananciales y el caso está comprendido en el inciso (b) de la Regla 69.6 de Procedimiento Civil, *supra*, teniendo el tribunal discreción para exonerarlo de la fianza.

En primer lugar, erró el tribunal al aplicar la excepción provista por la Regla 69.6 de Procedimiento Civil, *supra*, en los casos de la fianza a los no residentes. Como habíamos señalado, el propósito de la fianza al no residente es garantizar el pago de las costas, gastos y honorarios de abogado por el litigante no residente que ha perdido el pleito. La fianza de embargo va dirigida a cobrar los daños producidos por un embargo ilegal. No podemos aplicar automáticamente la excepción de la Regla 69.6 de Procedimiento Civil, *supra*, para la fianza de los no residentes cuando de lo que se trata es de un embargo como medida provisional.[3] Incluso, este Tribunal ha tendido a extender la prestación de la fianza de embargo a los no residentes aun cuando pudiera caer bajo alguna de las excepciones ide la Regla 56.3 de

---

[3] Como ya determinamos, ni siquiera le aplicaba la excepción provista por las reglas para eximir al demandante de pagar la fianza de no residente. Por lo tanto, aun aceptando como cierto el razonamiento del tribunal de instancia, no procedía el eximir de fianza por embargo al demandante.

Procedimiento Civil, *supra*.(4) En el caso ante nos, no existe razón para eximir al demandante no residente de la fianza de embargo.

Por los fundamentos expuestos, *se dejan sin efecto las órdenes objeto de este recurso y se devuelve el caso para ulteriores procedimientos compatibles con lo aquí resuelto.*

El Juez Asociado Señor Hernández Denton disiente sin opinión escrita. El Juez Asociado Señor Rebollo López no intervino.

---

(4) En *Blatt & Udell v. Core Cell*, 110 D.P.R. 142, 146 (1980), resolvimos que aun estando presente una sentencia extranjera, el demandante no residente debe pagar la fianza de embargo. Específicamente dijimos:

"Por ser los demandantes personas no residentes en Puerto Rico, si el embargo resulta improcedente podría resultar difícil para los demandados o para los interventores recobrar de esos no residentes los daños ocasionados por dicho embargo, a menos que preste fianza para asegurar su recobro."

Finalmente resolvimos:

"En casos de demandantes no residentes, como en el presente caso, la fianza para responder de daños ocasionados por embargos, debe considerarse mandatoria, al igual que lo es la fianza que la Regla 69.5 exige a demandantes no residentes, para responder de costas, gastos y honorarios de abogado."