Pesante Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El 5 de julio de 1990, Cruz Esther Ramos Báez, instó demanda en daños y perjuicios por impericia médica contra el Dr. Edwin Bossolo López, el Ashford Presbyterian Community Hospital y la Express Emergency Care, Inc. La apelante-demandada, el Sindicato de Aseguradores para la Suscripción Conjunta de Seguros de Responsabilidad Profesional Médico-Hospitalaria (SIMED) contestó la demanda y se dió comienzo al descubrimiento de prueba.
El 4 de febrero de 1992, SIMED solicitó sentencia sumaria fundamentada en la ausencia de relación causal entre el daño causado y la negligencia imputada al asegurado de SIMED. El 6 de octubre de 1992 el Tribunal de Instancia declaró la misma sin lugar. Durante la etapa de descubrimiento de prueba se ordenó la paralización de los procedimientos por orden del juez sentenciador porque la aseguradora de uno de los demandados, la Corporación Insular de Seguros, se encontraba en proceso de liquidación bajo el capítulo 40 del Código de Seguros de Puerto Rico, 26 L.P.R.A. see. 3818 y 4019(2). Dicha orden cubrió desde el 2 de febrero de 1993 hasta el 21 de diciembre de 1993.
*1117 El 9 de agosto de 1995, como resultado del descubrimiento, de prueba la demandada-apelante advino en conocimiento de que la demandante-apelada no era residente del Estado Libre Asociado de Puerto Rico. Inmediatamente, la parte demandada-apelante solicitó se le impusiera una fianza de no residente a la demandante-apelada. El Tribunal de Instancia le concedió un término de veinte (20) días a la representación legal de la demandante-apelada para que conforme a la Regla 69 de Procedimiento Civil consignara en la Secretaría del Tribunal $2,000.00 por concepto de la fianza de no residente e informara al Tribunal si interesaba desistir del pleito.
El 19 de diciembre de 1995 se celebró la Conferencia con Antelación al Juicio, pero se dejó pendiente la fianza de no residente hasta tanto se le tomara una deposición a la demandante-apelada. El 10 de mayo de 1996 se celebró una segunda Conferencia con Antelación al Juicio y el Tribunal reiteró su orden de consignación de fianza con la consecuente paralización de los procedimientos.
Así las cosas, el 17 de septiembre de 1996, SIMED presentó Solicitud de Desestimación de Demanda por Incumplimiento con la Orden del Tribunal de Primera Instancia del 10 de mayo de 1996. El 15 de octubre de 1996, transcurrido el término de noventa (90) días para consignar la fianza de no residente dispuesto en la Regla 69.5 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, compareció la demandante-apelada y solicitó se le permitiese el desistimiento voluntario sin perjuicio. El 23 de octubre de 1996 se dictó sentencia de archivo por desistimiento. El 13 de noviembre de 1996 se solicitó la reconsideración de dicha sentencia.
Mediante el presente recurso de apelación se solicita revoquemos la determinación del Tribunal de Primera Instancia, Sala Superior de Caguas, decretando el archivo por desistimiento sin perjuicio. Alegan los demandados-apelantes que erró el Tribunal de Primera Instancia al aceptar la petición de desistimiento cuando ésta incumplió con la orden de consignar la fianza de no residente. Estando en posición de resolver la controversia, resolvemos modificar la sentencia. El Tribunal de Primera Instancia no abusó de su discreción al declarar con lugar la moción de desistimiento sin perjuicio. Sin embargo,debió requerirle a la demandante-apelada depositar en la Secretaría del Tribunal el pago de los gastos, costas y honorarios de abogados incurridos por la demandada-apelante.
II
La Regla 69.5 de las Reglas de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, reza como sigue:

"Cuando el demandante residiere fuera de Puerto Rico o fuera una corporación extranjera, se le requerirá para que preste fianza para garantizar las costas, gastos y honorarios de abogados en que pudiera ser condenado. Todo procedimiento en el pleito se suspenderá hasta que preste la fianza, que no será menor de mil ($1,000.00) dólares. El Tribunal podrá ordenar que se preste fianza adicional si se demostrare que la fianza original no es garantía suficiente, y se suspenderá los procedimientos en el pleito hasta que se hubiere prestado dicha fianza adicional.

Transcurridos noventa (.90) días desde la notificación de la orden del Tribunal para la prestación de la fianza o de la fianza adicional sin que la misma se hubiere prestado, el Tribunal ordenará la desestimación del pleito."

Dicho articulado es claro. El propósito que persigue esta regla es garantizar las costas, gastos y honorarios de abogado en aquellos pleitos, en que él demandante no es residente de Puerto Rico y recobrar dichas partidas fuera de nuestra jurisdicción territorial. Reyes Martínez v. Oriental Federal Savings Bank, 134 D.P.R. _ (1993), op. de 7 de abril de 1993, 93 J.T.S. 50, pág. 10567; Pereira v. Reyes de Sims, 126 D.P.R. 223-224 (1990).
"De entrada observamos que la fianza de no residente goza en esencia de la naturaleza de un aseguramiento provisional y parcial de una sentencia, en lo concerniente a las costas, gastos y honorarios de abogados. El que aplique a personas no residentes no desvirtúa esa característica sino m[á]s bien tiende a justificar su existencia legítima." Pereira v. Reyes de Sims, Ibid, pág. 224, citando a Molina v. C.R.U.V., 114 D.P.R. 295 (1983).
Las excepciones a esta norma están registradas en la Regla 69.6 de las Reglas de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. m, que establece que no se le exigirá prestación de fianza:

*1118
"(a) al Estado Libre Asociado de Puerto Rico, a sus funcionarios en su carácter oficial, a las corporaciones públicas, o a las corporaciones municipales;

(b) a ninguna parte en un pleito de divorcio, de relaciones de familia o sobre bienes gananciales, a menos que el tribunal dispusiere lo contrario en casos meritorios:

(c) en reclamaciones de alimentos[s] cuando el tribunal así lo ordenare."

En el caso de marras, el demandante no cae en ninguna de las excepciones. Tampoco demostró que se encontrara en estado de indigencia para poder beneficiarse del precedente judicial establecido en Molina v. C.R.U.V., supra, pág. 298, a los efectos de que un litigante no residente que se encuentra en estado de indigencia estará exento de prestar fianza si demuestra que su acción tiene méritos. De esta ' manera, si el demandante demuestra realmente su incapacidad para sufragar los costos del pleito no tendrá que prestar la fianza aludida. Reyes Martínez v. Oriental Federal Savings Bank, supra.
Nuestro acervo jurisprudencial ha reconocido que para una persona ser considerada indigente su condición económica no tiene que rayar en extrema pobreza. Ibid. No obstante, la demandante sólo mencionó que es una mujer divorciada y que recibe beneficios de seguro social en el estado de Connecticut. Entendemos pues, no se puso en condición al Tribunal de instancia para declarar a la demandante-apelada indigente, por lo que no la cobija dicha excepción.
Demostrado el propósito del pago de la fianza, la expiración del término de noventa (90) días dispuesto en la regla y la inexistencia de razones para eximirle del pago de la misma, reside en el Tribunal la discreción de conceder el desistimiento sin perjuicio o la desestimación del pleito.
A tenor con lo dispuesto en la Regla 39.1(b) de las Reglas de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, luego de contestada un demanda el demandante puede solicitarle al tribunal el desistimiento sin perjuicio. Sin embargo, este derecho no es absoluto; se trata de un asunto sometido "a la discreción judicial bajo los términos y condiciones que el Tribunal estime conveniente." De la Matta v. Cabreras, 92 D.P.R. 85, 95 (1965). Recalcamos que dicha discreción judicial no puede ser arbitraria y que el Tribunal está obligado a buscar lo más justo para ambas partes. Ibid.
El presente caso lleva litigándose casi seis (6) años; el descubrimiento de prueba se vio paralizado por hechos imputados a la demandante-apelada por no consignar la fianza y a la demandada Corporación Insular de Seguros por encontrarse en proceso de liquidación. La demandada-apelada ha incurrido en unos gastos relacionado con el litigio, por lo que consideramos justo y razonable que se le imponga a la demandante como condición previa a decretar el desistimiento sin perjuicio el pago de las costas, gastos y honorarios de abogados incurridos. Con la decisión a la cual llegamos se le preserva el derecho a la demandante de presentar nuevamente su demanda y se salvaguarda el propósito que persigue la fianza al no residente.
Por los fundamentos expuestos, se modifica la sentencia dictada por el Tribunal de Primera Instancia. Se devuelve el caso para que se dictamine, previo los trámites de rigor, el monto de los gastos, costas y honorarios de abogados que debe consignar la demandante-apelada en favor de la parte apelante. De así no hacerlo en el término concedido por el Tribunal a quo se procedería a desestimar la demanda con perjuicio.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida I. Oquendo Graulau
Secretaria General
ESCOLIO 97 DTA 68
1. En la contestación al interrogatorio la demandante había mencionado que su residencia estaba ubicada en el pueblo de Gurabo, Puerto Rico.