# 99 DTA 187

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I – SAN JUAN**
**PANEL III**

JUANA HERRERA, AUGUSTO MERCEDES, ROSA HERRERA,
MIGUEL MERCEDES HERRERA Y DENNIS MERCEDES HERRERA
Apelantes

v.

ESTADO LIBRE ASOCIADO DE P.R., SUPERINTENDENTE DE LA POLICIA;
AGENTES X, Y, & Z; COMPAÑIAS DE SEGURO A Y B
Apelados

Núm. KLAN-99-00284

San Juan, Puerto Rico, a 20 de mayo de 1999

Panel integrado por su Presidente, el Juez Arbona Lago,
el Juez Brau Ramírez y el Juez Urgell Cuebas

Brau Ramírez, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

**I**

Los apelantes Juana Herrera, Augusto Mercedes, Rosa Herrera, Miguel Mercedes Herrera y Dennis Mercedes Herrera recurren de una sentencia emitida el 17 de febrero de 1999 por el Tribunal de Primera Instancia, Sala Superior de San Juan, desestimando sumariamente la demanda de daños y perjuicios presentada por los apelantes contra el Estado Libre Asociado y el Superintendente de la Policía, ante la omisión de los apelantes de presentar una fianza de no residente bajo la Regla 69.5 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 69.5.

Revocamos.

## II

Según surge del recurso, los apelantes son ciudadanos de la República Dominicana, residentes en San Pedro de Macorís. Los apelantes son los familiares de Rafael Herrera, ciudadano dominicano de 27 años de edad quien residía ilegalmente en Puerto Rico, en el sector Caparra Terrace del área metropolitana de San Juan.

La madrugada del 18 de agosto de 1997, agentes de inmigración en unión de agentes de la Policía de Puerto Rico intervinieron con el joven Rafael Herrera, con el propósito de arrestarlo. Alegadamente, el joven intentó evadirse, por lo que los agentes lo agredieron, golpeándolo en distintas partes del cuerpo, lo esposaron y lo lanzaron contra una pared y luego lo lanzaron inconsciente al piso de un vehículo. El joven Herrera falleció más tarde, supuestamente como consecuencia de la persecución y golpes, los que le ocasionaron una crisis de anemia falsiforme.

Posteriormente, el 4 de agosto de 1998, los apelantes instaron la presente acción por daños y perjuicios ante el Tribunal de Primera Instancia contra los apelados, solicitando compensación por la muerte del joven.

En la demanda, los apelantes indicaron que eran residentes de la República Dominicana, alegando, sin embargo, que *"[p]ara efectos de este pleito y para todos los efectos legales, son personas indigentes, de escasos recursos."*

Habiendo sido emplazado, el E.L.A. compareció el 15 de octubre de 1998 solicitando al Tribunal que le fijara una fianza de no residente a los apelantes, conforme a la Regla 69.5 de las de Procedimiento Civil.

El 22 de octubre de 1998, los apelantes comparecieron al Tribunal reiterándose en su alegación de indigencia y solicitando que se les permitiera presentar una declaración jurada para sustentar la misma. La representación legal de los apelantes indicó que, toda vez que éstos no eran residentes de Puerto Rico, se le hacía difícil la comunicación con dicha parte, por lo que solicitó un término de sesenta (60) días para dicha gestión.

No empece lo anterior, el 28 de octubre de 1998, el Tribunal impuso a los apelantes una fianza de no residente de mil (1,000) dólares. Los apelantes no prestaron la misma.

Así las cosas, el 5 de febrero de 1998, el E.L.A. solicitó la desestimación de la demanda. Los apelantes se opusieron, indicando su abogado que había escrito a sus clientes, instruyéndoles sobre la declaración jurada que debían prestar en su país. El representante legal de los apelantes expresó que sus clientes no le habían contestado y que éstos no tenían teléfono ni se contaba con medios alternos de comunicación. Solicitó del Tribunal que se celebrara una vista para constatar la indigencia de los apelantes.

El 17 de febrero de 1999, el Tribunal emitió la sentencia apelada desestimando la demanda, ante la omisión de los apelantes de prestar la fianza fijada.

Los apelantes presentaron una oportuna moción de reconsideración en la que insistían en su condición de indigencia. Solicitaron nuevamente una vista para dilucidar esta cuestión. Posteriormente, los apelantes presentaron una Moción Sobre Ofrecimiento de Prueba y Otros Extremos en la que se indicaba que los apelantes contaban con el testimonio de un pariente, residente en Puerto Rico, quien estaba en posición de comparecer al Tribunal para declarar en torno a la condición de indigencia de los apelantes.

El Tribunal no actuó sobre la moción de reconsideración de los apelantes. Insatisfechos, éstos acudieron ante

este Tribunal.

## III

En su recurso, los apelantes plantean que erró el Tribunal al fijar una fianza de residente a los apelantes, sin considerar su alegación de indigencia.

La Regla 69.5 de las de Procedimiento Civil dispone:

*"Cuando el demandante residiere fuera de Puerto Rico o fuere una corporación extranjera, se le requerirá para que presente fianza para garantizar las costas, gastos y honorarios de abogados en que pudiere ser condenado. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil (1,000) dólares. El tribunal podrá ordenar que se preste fianza adicional si se demostrare que la fianza original no es garantía suficiente, y se suspenderán los procedimientos en el pleito hasta que se hubiere prestado dicha fianza adicional.*

*Transcurridos noventa (90) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que la misma se hubiere prestado, el tribunal ordenará la desestimación del pleito."*

32 L.P.R.A. Ap. III, R. 69.5.

El Tribunal Supremo de Puerto Rico ha aclarado que la fianza exigida por el precepto citado es mandatoria. *Blatt & Udell v. Core Cell,* 110 D.P.R. 142 (1980). Su propósito es garantizar las costas, gastos y honorarios de abogado en pleitos donde el reclamante es una persona natural no residente o una corporación extranjera y desalentar los pleitos frívolos e inmeritorios. *Valenciano v. Santander Mortgage Corporation,* ___ D.P.R. ___ (1998), **98 J.T.S. 159**, a la pág. 408; *Reyes Martínez v. Oriental Federal Savings Bank,* ___ D.P.R. ___ (1993), **93 J.T.S. 50**, a la pág. 10,567; *Pereira v. Reyes de Sims,* 126 D.P.R. 220, 223-224 (1990); *Molina v. C.R.U.V.,* 114 D.P.R. 295 (1983).

Ahora bien, el Tribunal Supremo de Puerto Rico ha resuelto que dicho requisito no es de aplicación a reclamantes indigentes. *Ramos Báez v. Bossolo López,* ___ D.P.R. ___ (1997), **97 J.T.S. 101,** a las págs. 1,246-7; *Reyes Martínez v. Oriental Federal Savings Bank,* **93 J.T.S. 50,** a la pág. 10,567; *Molina v. C.R.U.V.,* 114 D.P.R. 295, a la pág. 298; véase, además, *Bucaré Management v. Arriaga García,* 125 D.P.R. 153, 158 (1990).

En la situación de autos, los apelantes reclamaron en su demanda que eran *"personas indigentes, de escasos recursos."* Dicha alegación fue respaldada por una oferta de prueba, solicitando reiteradamente los apelantes al Tribunal que se procediera a la celebración de una vista para constatar su condición.

No obstante lo anterior, el Tribunal de Primera Instancia fijó una fianza de $1,000.00 a los apelantes y, al no ser prestada la misma, procedió a la desestimación del caso. Entendemos que dicha actuación fue errónea.

En efecto, al suscitarse la alegación de indigencia por parte de los apelantes, el Tribunal venía obligado a investigar la misma y, de resultar comprobada la contención de los apelantes sobre este particular, a eximir a éstos de este requisito.

Existe una clara política pública en nuestra jurisdicción a favor de que los casos sean ventilados en sus méritos. Véanse, *PFZ Properties v. General Accident Insurance Co.,* ___ D.P.R. ___ (1994), **94 J.T.S. 116,** a la pág. 124; *Neptune Packing Corp. v. Wackenhut Corp,* 120 D.P.R. 283, 293 (1988); *Imp. Vilca, Inc. v. Hogares*

*Crea, Inc.*, 118 D.P.R. 679, 686 (1987).

En la presente situación, dicha política requería que la alegación de los apelantes fuese investigada más a fondo.

En su alegato, el E.L.A. plantea que los apelantes actuaron con poca diligencia al no cuestionar oportunamente la fijación de la fianza y al no efectuar gestiones adicionales para obtener una declaración jurada sobre su indigencia. Hallamos persuasivos, sin embargo, los argumentos esgrimidos por los apelantes en su recurso en torno a las dificultades particulares de comunicación que existen entre demandantes no residentes y sus abogados en este tipo de caso, particularmente cuando las partes posiblemente son indigentes, según reclaman ser los apelantes.

En el presente caso, los demandantes son los familiares de un residente ilegal quien presuntamente emigró a Puerto Rico por razones económicas. Estas circunstancias tienden a sustentar el reclamo de indigencia. No obstante la ausencia de una declaración jurada, los apelantes hicieron una oferta específica de prueba al Tribunal, proponiendo la declaración de un familiar que tenía conocimiento sobre la situación económica de la familia.

Somos de la opinión que, ante dicha oferta, el Tribunal venía obligado a celebrar una vista para dilucidar esta cuestión. Procede, por lo tanto, que dejemos sin efecto la sentencia y que devolvamos el asunto ante el Tribunal de Primera Instancia para que, en consideración de la prueba que pueda ser presentada por los apelantes, determine si éstos deben ser eximidos del requisito de la fianza.

Por los fundamentos expresados, se revoca la sentencia apelada. Se devolverá el caso ante el Tribunal de Primera Instancia para la celebración de una vista donde se determine el carácter de indigencia de los apelantes.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General