ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| FAUSTINO GARCÍA ABISLAIMÁN<br><br>Peticionario<br><br>v.<br><br>DAGMAR RIVERA DÁVILA Y OTROS<br><br>Recurrida | **KLCE202301275** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm.: CA2022CV01196<br><br>Sobre: Daños y Perjuicios; enriquecimiento Injusto |

Panel integrado por su presidente, el juez Bonilla Ortiz, el juez Pagán Ocasio y el juez Joel A. Cruz Hiraldo.[1]

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 26 de enero de 2024.

Comparece ante este foro el Sr. Faustino García Abislaimán (señor García Abislaimán o el peticionario) y nos solicita que revisemos dos (2) dictámenes; a saber, una *Orden* y una *Resolución*, emitidas por el Tribunal de Primera Instancia, Sala Superior de Carolina, notificadas el 2 y 25 de octubre de 2023, respectivamente. Mediante la *Orden*, el foro primario le impuso una fianza de no residente por la cantidad de $1,000.00. Mientras que, en la *Resolución* recurrida, el foro primario declaró *No Ha Lugar* a la *Solicitud de Desestimación de Reconvención instada por Tercera Demandada Dagmar Rivera Dávila* presentada por el peticionario.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el recurso de *certiorari* de epígrafe.

---

[1] En virtud de la Orden Administrativa OATA-2023-198, se designa al Hon. Joel A. Cruz Hiraldo.

## I.

El 20 de abril de 2022, el Sr. Faustino García Rivera (señor García Rivera) presentó una *Demanda* sobre daños y perjuicios, y enriquecimiento injusto contra su padre, el peticionario.[2]

En respuesta, el 28 de octubre de 2022, el señor García Abislaimán presentó *Contestación a Demanda, Reconvención y Demanda Contra Tercero*.[3] Mediante esta, incluyó como tercera demandada a la Sra. Dagmar María Rivera Dávila (señora Rivera o la recurrida). En esencia solicitó que se condenara al señor García Rivera y a la Sra. Rivera al pago de daños punitivos, los cuales han surgido por causa del despojo de la posesión de su apartamento.

Luego de varias incidencias procesales, el 7 de noviembre de 2022, el señor García Rivera presentó una *Solicitud de Imposición de Fianza de No Residente*.[4] En esencia, sostuvo que el peticionario no residía en Puerto Rico, sino que su domicilio era en Florida. Por este motivo, solicitó que se le fijara una fianza de no residente por una cantidad no menor de $1,000.00, y en vista de las alegaciones del caso, una cuantía no menor de $10,000.00.

El 9 de noviembre de 2022, el foro primario notificó una *Orden*, mediante la cual le impuso al señor García Abislaimán una fianza de no residente, so pena de desestimarle la reconvención.[5]

---

[2] *Demanda*, anejo I, págs. 1-6 del apéndice del recurso.
[3] *Contestación a Demanda, Reconvención y Demanda Contra Tercero*, anejo II, págs. 7-32 del apéndice el recurso.
[4] *Solicitud de Imposición de Fianza de No Residente*, anejo II, del apéndice de la oposición al recurso.
[5] Véase, *Orden*, entrada núm. 30 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

En desacuerdo, el 12 de diciembre de 2022, el peticionario presentó un recurso de *certiorari* ante este Foro.[6] Así las cosas, el 16 de febrero de 2023, un panel hermano en el caso núm. KLCE202201350 denegó expedir el recurso solicitado, puesto que, el señor García Abislaimán no logró demostrar que el foro primario haya actuado contrario a derecho o abusara de su discreción.[7]

Luego de múltiples incidencias, el 28 de septiembre de 2023, la recurrida presentó *Contestación a la Demanda contra Tercero y Reconvención contra Tercero Demandante Faustino García Abislaimán*.[8] Mediante esta, arguyó que el peticionario tiene como único propósito hostigarla y oprimirla, puesto que, además de la presente demanda, se ha visto involucrada en otros casos, BY2021CV04406 y GB2018CV00033, causándole daños emocionales y económicos.

Posteriormente, el 29 de septiembre de 2023, la señora Rivera presentó ante el foro primario una *Solicitud de Imposición de Fianza de No-Residente al Tercero Demandante García Abislaimán a Favor de la Tercera Demandada Dagmar María Rivera Dávila*.[9] Alegó que, desde aproximadamente el mes de agosto de 2021, el peticionario reside en Miami, Florida. Por lo tanto, solicitó le fuera impuesta una fianza de no residente de Puerto Rico, conforme la Regla 69.5 de Procedimiento Civil, *infra*.

---

[6] Véase, *Moción Escrito al Expediente Judicial en cuanto a Petición de Certiorari*, entrada núm. 48 en SUMAC.
[7] Véase, *Resolución*, entrada núm. 68 en SUMAC.
[8] *Contestación a la Demanda contra Tercero y Reconvención contra Tercero Demandante Faustino García Abislaimán*, anejo III, págs. 33-39 del apéndice del recurso.
[9] *Solicitud de Imposición de Fianza de No-Residente al Tercero Demandante García Abislaimán a Favor de la Tercera Demandada Dagmar María Rivera Dávila*, anejo IV, págs. 40-43 del apéndice del recurso.

El 2 de octubre de 2023, el foro primario notificó una *Orden*, mediante la cual le impuso una fianza de no residente de $1,000.00 al peticionario.[10]

El 3 de octubre de 2023, el señor García Abislaimán presentó dos mociones, la primera, una *Solicitud de Desestimación de Reconvención instada por Tercera Demandada Dagmar Rivera Dávila*;[11] y la segunda, la *Contestación a Reconvención*.[12] En síntesis, el peticionario solicitó la desestimación de la reconvención, por falta de una reclamación que justifique la concesión de un remedio.

El 25 de octubre de 2023, la recurrida presentó su oposición a la solicitud de desestimación de la reconvención.[13] Así las cosas, el 26 de octubre de 2023, el foro primario notificó una *Resolución*, denegando la solicitud de desestimación presentada por el señor García Abislaimán.[14]

En cuanto a la *Orden* emitida por el foro primario sobre la imposición de una fianza de no residente, el 6 de octubre de 2023, el señor García Abislaimán presentó una solicitud de reconsideración.[15] En ésta, manifestó que la Regla 69.5 de Procedimiento Civil, *infra*, es inaplicable al caso, debido a que su ausencia de la jurisdicción de Puerto Rico se debe a una condición de salud para la cual está recibiendo atención médica en

---

[10] *Orden*, anejo V, pág. 44 del apéndice del recurso.
[11] *Solicitud de Desestimación de Reconvención instada por Tercera Demandada Dagmar Rivera Dávila*, anejo VI, págs. 45-51 del apéndice del recurso.
[12] *Contestación a Reconvención*, anejo VII, págs. 52-58 del apéndice del recurso.
[13] *Moción en Oposición a "Solicitud de Desestimación de Reconvención instada por Tercera Demandada Dagmar Rivera Dávila"*, anejo XII, págs. 134-136 del apéndice del recurso.
[14] *Resolución*, anejo XIII, págs. 137-138 del apéndice del recurso.
[15] *Urgente Solicitud de Reconsideración de Orden dictada el 2 de octubre de 2023 sobre Imposición de Fianza de No-Residente*, anejo X, págs. 92-100 del apéndice del recurso.

Miami, Florida. A su vez, expresó que la fianza de no residente es improcedente por cumplirse con varias excepciones que contempla la Regla 69.5. Señaló que, entre las excepciones se encuentra el ser el copropietario de un bien inmueble objeto del caso.

Posteriormente, el 31 de octubre de 2023, la señora Rivera presentó su oposición a la solicitud de reconsideración instada por el peticionario.[16] Mediante la cual arguyó que el peticionario lleva aproximadamente 2 años residiendo en Florida, y no ha demostrado lo contrario. A su vez, sostuvo que no es de aplicación las excepciones que dispone la Regla 69.5 de Procedimiento Civil, debido a que, el presente caso es uno de daños y enriquecimiento injusto entre padre e hijo.

Evaluados los argumentos de las partes, el 2 de noviembre de 2023, el foro primario notificó una *Resolución* denegando la solicitud de reconsideración del peticionario.[17]

Aun inconforme, el 15 de noviembre de 2023, el peticionario presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> A. ERRÓ EL HONORABLE TPI AL IMPONER LA FIANZA DE NO RESIDENTE A PESAR DE QUE EL DEMANDADO-PETICIONARIO SR. GARCÍA ABISLAIMÁN TIENE SU RESIDENCIA EN PUERTO RICO Y SE ENCUENTRA DE PASO EN MIAMI, FLORIDA. EL TPI DETERMINÓ QUE EL SR. GARCÍA ABISLAIMÁN ES RESIDENTE DE LA FLORIDA BASÁNDOSE ÚNICAMENTE EN LA ALEGACION QUE HIZO LA TERCERA DEMANDADA, PERO EL TPI NO CELEBRÓ VISTA EVIDENCIARIA.
>
> B. EN LA ALTERNATIVA, ERRÓ EL HONORABLE TPI AL IMPONER LA FIANZA DE RESIDENTE A PESAR DE SER IMPROCEDENTE POR CUMPLIRSE CON

---

[16] *Oposición a "Urgente Solicitud de Reconsideración de Orden dictada el 2 de octubre de 2023 sobre Imposición de Fianza de No-Residente"*, anejo XIV, págs. 139-142 del apéndice del recurso.
[17] *Resolución*, anejo XV, págs. 143-144 del apéndice del recurso.

VARIAS EXCEPCIONES QUE LA PROPIA REGLA 69.5 DE LAS DE PROCEDIMIENTO CIVIL CONTEMPLA.

C. ERRÓ EL HONORABLE TPI AL IMPONER UNA FIANZA DE NO RESIDENTE A PESAR DE QUE LA SRA. RIVERA EN EL CASO CIVIL GB2018CV0033 ESTIPULÓ QUE EL INMUEBLE A QUE SE REFIERE ESTE CASO ES DE CARÁCTER GANANCIAL SIENDO SUS TITULARES ELLA Y EL SR. GARCÍA ABISLAIMÁN Y COMO TAL ESTÁ SUJETO A LA LIQUIDACIÓN DE LA COMUNIDAD ENTRE LAS PARTES, SEGÚN RECONOCIDO POR EL CONTADOR PARTIDOR Y EL PROPIO TRIBUNAL.

D. ERRÓ EL HONORABLE TPI AL IMPONER UNA FIANZA DE NO RESIDENTE A PESAR DE QUE LAS RECLAMACIONES POR VÍA DE RECONVENCIÓN ENTRE LA SRA. RIVERA Y EL SR. GARCÍA ABISLAIMÁN SON DISTINTAS A LAS RECLAMACIONES INCLUIDAS EN LA DEMANDA DE AUTOS, Y POR TANTO EXENTA DEL PAGO DE FIANZA DE NO RESIDENTE POR TRATARSE DE UN BIEN QUE ES PARTE DE LA COMUNIDAD DE BIENES DE AMBOS Y LOS CUALES ESTÁN SITOS EN PUERTO RICO.

E. ERRÓ EL HONORABLE TPI AL NO DESESTIMAR LA RECONVENCIÓN INSTADA POR LA SRA. RIVERA DÁVILA A PESAR DE QUE DE SU FAZ SE PUEDE CONCLUIR QUE LA MISMA NO CUMPLE CON LOS REQUISITOS SUSTANTIVOS PARA QUE PUEDA PROCEDER UNA RECLAMACIÓN POR ABUSO DE DERECHO, TODA VEZ QUE LA SRA. RIVERA DÁVILA ES PARTE INDISPENSABLE EN ESTE CASO.

La parte recurrida compareció el 19 de diciembre de 2023. En esencia, solicitó que se denegara el recurso de *certiorari*, puesto que los errores señalados no se cometieron, y la decisión del foro primario no fue parcializada o caprichosa.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II.**

**A.**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Es decir, cuando "se recurra de una resolución u orden bajo las Reglas 56

y 57 o de la denegatoria de una moción de carácter dispositivo." Regla 52.1 de Procedimiento Civil, *supra*.

Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional y a manera de excepción, en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional; a saber, si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. Así también, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del foro primario.

También examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. Finalmente, debemos analizar si la expedición del auto solicitado evita un fracaso de la justicia. Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

-B-

La Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, busca garantizar las costas, los gastos y honorarios de abogado en pleitos en los que el reclamante es una

persona natural no residente. *Yero Vicente v. Nimay Auto Corp.*, 205 DPR 126, 130 (2020); Reyes Martínez v. Oriental Fed. Sav. Bakn, 133 DPR 15, 20 (1983). Debido a que, podría resultar difícil para la parte afectada recobrar esas partidas fuera de nuestra jurisdicción. *Íd.*, *Vaillant v. Santander*, 147 DPR 338 (1988). A su vez, busca desalentar pleitos frívolos e inmeritorios. *Yero Vicente v. Nimay Auto Corp.*, supra, pág. 130; *Pereira v. Reyes de Sims*, 126 DPR 220 (1990).

La Regla 69.5 de Procedimiento Civil, *supra*, sobre la fianza de no residentes, establece:

> Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal requerirá que preste fianza para garantizar las costas, los gastos y los honorarios de abogados a que pueda ser condenada. […]

> Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.

> No se exigirá prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando:

> (a) se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;

> (b) se trate de un copropietario o una copropietaria en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro de los copropietarios u otra de las copropietarias también es reclamante y reside en Puerto Rico, o

> (c) se trate de un pleito instado por un comunero o una comunera para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico.

Por otra parte, la Regla 69.6 de Procedimiento Civil, 32 LPRA Ap. V, establece las instancias en que no será necesario prestar la fianza:

(a) al Estado Libre Asociado de Puerto Rico, a sus funcionarios o funcionarias en su carácter oficial, a las corporaciones públicas o a las corporaciones municipales;

(b) a ninguna parte en un pleito de divorcio, de relaciones de familia o sobre bienes gananciales, a menos que el tribunal disponga lo contrario en casos meritorios;

(c) en reclamaciones de alimentos cuando el tribunal así lo ordene, y

(d) cuando se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación.

Nuestro Tribunal Supremo en *PPD v. Admor. Gen. de Elecciones*, 111 DPR 199, 248 (1981), expresó que el concepto *domicilio* se suele confundir con el de *residencia*. El tratadista Vázquez Bote explicó que el *domicilio* es "el lugar de residencia habitual, en que efectivamente se está y se quiere estar." E. Vázquez Bote, *Concepto del domicilio en el derecho puertorriqueño*, 61 Rev. Jur. UPR 25, 50 (1992). Mientras que, la *residencia* es "el lugar en que una persona se encuentra, durante más o menos tiempo, accidental o incidentalmente, sin intención de domiciliarse." *Íd.*; *SLG Solá-Maldonado v. Bengoa Becerra*, 182 DPR 675, 688 (2011).

El tratadista Cuevas Segarra, en relación a la Regla 69.5 de Procedimiento Civil, *supra*, dispuso que "[e]l requisito de la regla se extiende a aquellos litigantes que no son residentes durante la pendencia del pleito. El criterio no es domicilio ni ciudadanía." J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. V, pág. 1932. A su vez, el tratadista expuso que "si el demandante cambia su condición de residente durante el trámite del pleito

y se convierte en no residente, debe prestar fianza de no residente." *Íd*.

De otra parte, la Regla 69.5, *supra*, proviene del Código de Procedimiento Civil de California. *Molina v. C.R.U.V.,* 114 DPR 295, 304 (1983). Por lo que, el Tribunal Supremo en el caso de *Myers v. Carter*, 178 C.A.2d 622, 625-626 (1960), resolvió que la Sección 1030 del Código de California, el cual establece el requisito de fianza a no residentes, este aplicará a un domiciliado ausente del estado, aunque sea de forma temporera. Véase, *Molina v. C.R.U.V.*, supra, pág. 304.

Por otra parte, en *Vaillant v. Santander*, supra, pág. 347, nuestro Máximo Foro dispuso que:

> Es incuestionable el carácter mandatorio de la fianza dispuesta en la Regla 69.5 de Procedimiento Civil, *supra*, ya que ésta es taxativa al señalar que "[c]uando el demandante residiere fuera de Puerto Rico … se le requerirá para que preste fianza para garantizar las costas, gastos y honorarios de abogados en que pudiere ser condenado."

Por lo tanto, conforme dispone la Regla 69.5 de Procedimiento Civil, *supra*, un tribunal no tiene discreción para eximir del requisito de fianza a un demandante no residente. *Yero Vicente v. Nimay Auto Corp.*, supra, pág. 134.

**III**.

Es preciso comenzar por destacar que la *Orden* y la *Resolución* por las que el peticionario recurre son susceptibles de revisión por parte de este foro, con carácter discrecional, en virtud de la Regla 52.1 de Procedimiento Civil, *supra*. Ello, por tratarse de una *Orden* de imposición de fianza de no residente al peticionario y una *Resolución* denegando la solicitud de desestimación de reconvención. Así las cosas, y a la

luz de los criterios dispuestos en nuestra Regla 40, *supra*, rechazamos intervenir en los méritos, para variar las determinaciones del foro primario.

Luego de analizar la totalidad del expediente, a la luz de lo razonado por el foro primario en la *Orden* del 2 de octubre de 2023 y en la *Resolución* del 25 de octubre de 2023, rechazamos ejercer nuestra facultad revisora para expedir el recurso de epígrafe, a los efectos de variar los dictámenes aquí impugnados. Consideramos que, no está presente ninguno de los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, que requieran nuestra intervención con dichas determinaciones. De igual forma, tampoco surge que, de alguna manera, expedir el auto discrecional solicitado evite un fracaso de la justicia.

## IV.

Por los fundamentos antes expuestos, **DENEGAMOS** el auto discrecional solicitado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones