Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ISLAND PORTFOLIO SERVICES, LLC, COMO AGENTE DE FAIRWAY ACQUISITIONS FUND, LLC<br><br>Recurrida<br><br>V.<br><br>LUIS E. PADRÓN ROSADO<br><br>Peticionario | KLCE202401119 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: TA2022CV00801<br><br>Sobre: Cobro de dinero; Regla 60 de Procedimiento Civil |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de diciembre de 2024.

Comparece ante nos el Sr. Luis E. Padrón Rosado (señor Padrón Rosado o peticionario) en solicitud de que revisemos una *Orden* emitida 23 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Municipal de Aguada (TPI o Foro Primario).[1] Mediante el referido dictamen, el Foro Primario declaró No Ha Lugar el petitorio del señor Padrón Rosado en desestimar la *Demanda* instada por Island Portfolio Services, LLC (Island Portfolio o recurrido) como agente de Fairway Acquisitions Fund, LLC (Fairway).

Por los fundamentos que expondremos a continuación, se adelante la expedición del auto de *certiorari* y la desestimación de la demanda.

---

[1] Apéndice de *Solicitud de Certiorari*, Anejo 33, pág. 103. Archivada y notificada el 29 de agosto de 2024.

**I.**

El caso ante nuestra consideración tuvo su origen en 9 de agosto de 2022, cuando Island Portfolio presentó una *Demanda* contra el señor Padrón Rosado en el Tribunal de Primera Instancia, Sala de Toa Alta en Toa Baja, por cobro de dinero bajo la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60.[2] Entre sus alegaciones, Island Portfolio puntualizó que el señor Padrón Rosado solicitó al Banco Popular de Puerto Rico que le extendiera un crédito mediante una cuenta de tarjeta de crédito de la cual la recurrida es tenedora y dueña. La recurrida arguyó que el peticionario adeudó $14,139.78 por concepto de principal, sin satisfacer dicha deuda ni en todo o parte, pese a los múltiples requerimientos realizados de conformidad con el Artículo 17 de la Ley Núm. 143 del 27 de junio de 1968, según enmendada, conocida como la *Ley de Agencias de Cobros*, 10 LPRA sec. 981p. Asimismo, adujo que la deuda reclamada estaba vencida, líquida y exigible. Además, que conforme con los términos y las condiciones del contrato atado a la cuenta, se aceleró el término de pago del balance total adeudado.

El 7 de octubre de 2022, Island Portfolio presentó una *Moción sometiendo documentos*.[3] En esta, sometió el recibo del correo certificado que acreditó el envío de la *Notificación-Citación sobre Cobro de* Dinero al señor Padrón Rosado, así como la hoja de rastreo en la que evidenció que el documento no fue reclamado por el peticionario.

El 11 de octubre de 2022, el señor Padrón Rosado, sin someterse a la jurisdicción del Tribunal, presentó una *Moción solicitando el traslado del caso a la sala con competencia y solicitando la desestimación por no haberse prestado la fianza de no residente*.[4] El peticionario solicitó el traslado del caso a la Región Judicial de

---

[2] *Íd.*, Anejo 1, págs. 1-14.
[3] *Íd.*, Anejo 5, págs. 24-27.
[4] *Íd.*, Anejo 6, págs. 28-35.

Aguadilla, toda vez que desde el 15 de enero de 2022 residía en el municipio de Aguada. El peticionario expuso que desde el año 2005 no residía en la dirección utilizada por la recurrida. Por ello, solicitó que, dado que aún había recibido el emplazamiento, el procedimiento debía convertirse en ordinario. A vez, peticionó la desestimación del caso, en vista de que Fairway era una corporación extranjera no autorizada a realizar negocios en Puerto Rico que no prestó la fianza requerida por la Regla 69.5 de Procedimiento Civil, *supra*, R. 69.5. Sobre el particular, alegó que Island Portfolio solamente poseía capacidad representativa, por lo que no era el acreedor ni tenía legitimación activa para incoar el pleito a su nombre. Asimismo, particularizó que el hecho de que Island Portfolio haya prestado fianza de agencia de cobro es irrelevante para determinar la imposición de una fianza de no residente al amparo de las Reglas de Procedimiento Civil, *supra*, ya que perseguían propósitos distintos. Expuso que la fianza de agencia de cobro no garantizaba las costas, los gastos y los honorarios de abogados de un pleito presentado por una persona demandante no residente, por lo que la misma no sustituía una fianza de no residente requerida por la Regla 69.5 de Procedimiento Civil, *supra*, R. 69.5.

El 8 de octubre de 2022, el TPI emitió una *Orden* en la que le concedió a la recurrida un término de diez (10) días para someter un nuevo proyecto de notificación y citación para ser diligenciado personalmente.[5]

El 11 de octubre de 2022, Island Portfolio presentó una *Moción en cumplimiento de orden y solicitud de traslado*, en la que informó cumplimiento con la orden emitida y solicitó el traslado del caso.[6]

---

[5] *Íd.*, Anejo 7, pág. 36. Archivada y notificada el 11 de octubre de 2022.
[6] *Íd.*, Anejo 8, págs. 37-40.

En igual fecha, el Foro Primario ordenó el traslado del caso a la Tribunal de Primera Instancia, Sala Superior de Aguadilla.[7]

El 20 de octubre de 2022, Island Portfolio presentó una *Oposición a solicitud de desestimación*.[8] En esta, aseveró que no procedía la fianza de no residente por ser una corporación doméstica, organizada bajo las leyes del Estado Libre Asociado de Puerto Rico. Además, destacó que por virtud del *Special Power of Attorney*, Fairway le otorgó la autorización para llevar a cabo actividades de cobro y todas las gestiones legales necesarias para el recobro de las cuentas, por lo que estaba autorizado para instar una reclamación en búsqueda de un remedio como agente de Fairway. En el referido documento, se dispuso lo siguiente:

> FIRST: [Fairway Acquisitions Fund, LLC (hereinafter, the "Grantor")] is the owner of the rights, title and interests of certain receivables due by consumers located in the Commonwealth of Puerto Rico (collectively, the "Accounts").
>
> SECOND: ISLAND PORTFOLIO SERVICES, LLC, a Puerto Rico limited liability company (hereinafter, the "Attorney-in-Fact" has been engaged by the Grantor to service the Accounts, and in furtherance of such engagement the Grantor desires to appoint the Attorney-in-Fact as the Grantor's true and lawful attorney-in-fact, so that in the Grantor's name; place and stead, as full as if the Grantor was present, the Attorney-in-Fact may execute the following acts and transaction, in connection with the Accounts:
>
> A. To commence, and/or continue with any legal proceedings necessary to collect on the Accounts, and/or commence participation in any existing legal proceedings of collection, including, without limitation, to commence lawsuits, seizures proceedings, repossession activities, appeals, certioraris, mandamus, injunctions, certifications, motions for aid of assistance and the like, for and on behalf of grantor, including but not limited to, the power to appear before any:
>
> (i) court of law, including any State court of the Commonwealth of Puerto Rico, the United States Bankruptcy Court for the District of Puerto Rico, the United States Court of the District of Puerto Rico,
>
> (ii) administrative agency,
>
> (iii) governmental agency, including, without limitation, the Property Registry of Puerto Rico, Puerto Rico Department of Consumer Affairs,
>
> (iv) any mediator or arbitrator, appointed by court or otherwise, and/or,

---

[7] *Íd.*, Anejo 12, pág. 44. Archivada y notificada el 14 de octubre de 2022.
[8] *Íd.*, Anejo 13, págs. 45-58.

(v) other private or public office, whether state, municipal or federal, as may be required or convenient, in the Attorney-in-Fact' reasonable discretion, in connection with such legal proceedings in connection with the Accounts;

B. To execute and deliver, in Grantor's name, any notices, demands, claims, counterclaims, complaints, responses, motions, affidavits, settlement agreements, stipulations and/or other documents or instruments in connection with any legal proceedings or in any way to the powers and authorities conferred herein; [...]

Asimismo, el peticionario planteó que poseía una licencia expedida por el Estado Libre Asociado de Puerto Rico para dedicarse al negocio de agencia de cobros, de conformidad con la *Ley de Agencias de Cobros, supra.* Concretó que dicha fianza cubriría cualquier daño ocasionado por la agencia en su gestión. Por lo anterior, Island Portfolio adujo que poseía la capacidad jurídica y legitimación activa para presentar la acción civil en cobro de dinero en los tribunales de Puerto Rico para beneficio de su cliente.

El 13 de julio de 2023, el Foro Primario, ordenó el traslado del caso al Tribunal de Primera Instancia, Sala Municipal de Aguada.[9]

El 3 de abril de 2024, el TPI emitió una *Orden* en la que solicitó a la Secretaría del Tribunal señalar el caso para vista y expedir la *Notificación-Citación* para ser diligenciada conforme a derecho.[10]

El 11 de julio de 2024, Island Portfolio presentó una Moción sometiendo documentos, en la que acreditó el envío de la *Notificación-Citación* junto a la *Demanda* y sus anejos al señor Padrón Rosado, así como la hoja de rastreo que evidenció el recibo de los documentos.[11]

El 18 de julio de 2024, el señor Padrón Rosado presentó una *Moción solicitando desestimación por falta de jurisdicción sobre la materia y sobre la persona, así como reafirmando desestimación por no haberse prestado la fianza de no residente.*[12] Entre otros, el peticionario señaló que Island Portfolio ni Fairway le enviaron a su

---

[9] *Íd.*, Anejo 19, pág. 68. Archivada y notificada el 10 de octubre de 2023.
[10] *Íd.*, Anejo 22, pág. 75. Archivada y notificada el 8 de abril de 2024.
[11] *Íd.*, Anejo 26, págs. 82-86.
[12] *Íd.*, Anejo 28, págs. 87-94.

dirección el requerimiento de pago extrajudicial, el cual era una condición previa y de carácter jurisdiccional para entablar un pleito, a tenor con el Artículo 17 de la *Ley de Agencias de Cobros, supra*, sec. 981p. Pues, adujo que de la *Demanda* surgió que la recurrida envió el requerimiento de pago a su antigua dirección. Por ello, arguyó que el TPI carecía de jurisdicción sobre la materia.

Por otra parte, el señor Padrón Rosado precisó que, toda vez que Island Portfolio no era el acreedor, no poseía legitimación activa para instar la acción a su nombre, razón por la que Fairway era la parte demandante. De esta forma, concretó que, como corporación foránea, Fairway se negaba a prestar la fianza de no residente requerida por la Regla 69.5 de Procedimiento Civil, *supra*, R. 69.5. Igualmente, planteó que Island Portfolio no diligenció la *Notificación-Citación* personalmente, tal como lo ordenó el Tribunal de Primera Instancia, Sala de Toa Alta en Toa Baja, por lo que el Foro Primario no adquirió jurisdicción sobre su persona.

El 7 de agosto de 2024, Island Portfolio presentó una *Oposición a moción solicitando desestimación por falta de jurisdicción de la materia y sobre la persona, así como reafirmando desestimación por no haberse presentado la fianza de no residente.*[13] Mediante esta, la recurrida apuntó que no tenía que prestar fianza de no residente al ser una corporación local. En torno al argumento del peticionario en que se incumplió con enviar el requerimiento de cobro previo a instar la causa de acción, la recurrida adujo que envió dicho documento a la última dirección conocida del deudor, más que este no evidenció que le notificó al acreedor original un cambio de dirección. Asimismo, Island Portfolio planteó que la *Ley de Agencias de Cobros, supra,* exige el requerimiento de cobro por correo certificado con acuse de recibo a la última dirección conocida, previo a la radicación de la *Demanda,*

---

[13] *Íd.,* Anejo 31, págs. 97-101.

más no requería que la parte deudora la recibiera. La recurrida alegó que carecía de poder para obligar al peticionario a recoger la correspondencia que le fue cursada.

El 23 de agosto de 2024, el TPI declaró No Ha Lugar a la desestimación solicitada por el señor Padrón Rosado y determinó que continuarán los procesos con la vista final señalada.[14]

El 11 de septiembre de 2024, el peticionario presentó una *Moción solicitando reconsideración.*[15] Mediante esta, el señor Padrón Rosado argumentó que la recurrida no le envió un requerimiento de pago a la última dirección conocida, sino que la envió a una dirección en la que no residía hacía más de diecisiete (17) años. A su vez, adujo que Island Portfolio carecía de legitimación activa para incoar el pleito a su nombre, toda vez que no era el acreedor en el caso. Por ello, estableció que, en vista de que Fairway era una corporación foránea, debía prestar la fianza de no residente. Además, puntualizó que la fianza prestada por la recurrida como agente de cobro no satisface el propósito de la fianza de no residente. Por otra parte, reiteró que el TPI carecía de jurisdicción sobre la persona, ya que la *Notificación-Citación* no se diligenció personalmente, según la *Orden* del 8 de octubre de 2022 del Tribunal de Primera Instancia, Sala de Toa Alta en Toa Baja, la cual entendió que constituyó la ley del caso.

El 24 de septiembre de 2024, el TPI emitió una *Orden* en la que determinó que se mantenía la Orden del 23 de agosto de 2024.[16]

Inconforme, el 16 de octubre de 2024, el señor Padrón Rosado presentó una *Solicitud de Certiorari* ante este Tribunal, en la que planteó que el Foro Primario incidió al cometer los siguientes errores:

> **PRIMER ERROR:** ERRÓ EL TPI AL NO DECLARSE SIN JURISDICCIÓN SOBRE LA MATERIA DEBIDO A QUE LA DEMANDANTE RECURRIDA NO ENVIÓ EL AVISO DE COBRO A LA ÚLTIMA DIRECCIÓN CONOCIDA DEL DEMANDADO PETICIONARIO, CONFORME LO REQUIERE

---

[14] *Íd.,* Anejo 33, pág. 103. Archivada y notificada el 29 de agosto de 2024.
[15] *Íd.,* Anejo 34, págs. 104-113.
[16] *Íd.,* Anejo 35, pág. 114. Archivada y notificada el 26 de septiembre de 2024.

LA LEY DE AGENCIAS DE COBRO DE PUERTO RICO Y SU REGLAMENTO.

**SEGUNDO ERROR:** ERRÓ EL TPI AL NO TORNAR EL PROCEDIMIENTO EN UNO ORDINARIO TODA VEZ QUE NO SE CUMPLIÓ CON EL REQUISITO IMPUESTO POR LA REGLA 60 DE PROCEDIMIENTO CIVIL, A LOS EFECTOS DE QUE "[P]ARA LA TRAMITACIÓN DE UN PLEITO CONFORME AL PROCEDIMIENTO ESTABLECIDO EN ESTA REGLA, LA PARTE DEMANDANTE DEBE CONOCER Y PROVEER EL NOMBRE Y LA ÚLTIMA DIRECCIÓN CONOCIDA DE LA PARTE DEMANDADA AL MOMENTO DE LA PRESENTACIÓN DE LA ACCIÓN JUDICIAL. DE LO CONTRARIO, EL PLEITO SE TRAMITARÁ BAJO EL PROCEDIMIENTO ORDINARIO".

**TERCER ERROR:** ERRÓ EL TPI AL NO DECLARARSE SIN JURISDICCIÓN SOBRE LA PERSONA DEBIDO A QUE LA DEMANDANTE RECURRIDA NO DILIGENCIÓ PERSONALMENTE LA NOTIFICACIÓN Y CITACIÓN DE VISTA CONFORME LA LEY DEL CASO MEDIANTE DISPOSICIÓN DEL PROPIO TPI.

**CUARTO ERROR:** ERRÓ EL TPI AL NO ORDENAR A LA DEMANDANTE RECURRIDA A PRESTAR LA FIANZA DE NO RESIDENTE.

En esencia, en su primer señalamiento de error, el peticionario esbozó que Island Portfolio incumplió con el requisito jurisdiccional impuesto por la *Ley de Agencias de Cobros, supra*, toda vez que no envió el requerimiento de pago a su última dirección conocida, previo a presentar la *Demanda*. Puntualizó que se enteró del pleito mediante una búsqueda de su nombre por el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Adujo que la recurrida conocía su dirección actual en Aguada, toda vez que se reflejaban en los documentos y adquirió un préstamo hipotecario con Eurobank que garantizó con una propiedad en Guaynabo ejecutada por el Banco Popular de Puerto Rico.

Como segundo señalamiento de error, el señor Padrón Rosado manifestó que este pleito debía convertirse del procedimiento sumario al ordinario ya que Island Portfolio desconocía la última dirección suya. Asimismo, como tercer señalamiento de error, el peticionario alegó que la *Orden* emitida por el Tribunal de Primera Instancia, Sala de Toa Alta en Toa Baja de diligenciar la *Notificación-Citación* personalmente constituyó la ley del caso, por lo que al no realizarse de dicha forma, el TPI carecía de jurisdicción. Por último, como cuarto

error, el peticionario arguyó que el verdadero reclamante de este pleito era Fairway, corporación foránea que venía obligada a prestar una fianza de no residente previo a proseguir con los procedimientos ante el Foro Primario. Sobre el particular, el señor Padrón Rosado esgrimió que Island Portfolio como agencia de cobro no era el acreedor ni el titular de la causa de acción. A su vez, expuso que la fianza de agencia de cobro no sustituye la fianza de no residente requerida por la Regla 69.5 de Procedimiento Civil, *supra*, R. 69.5.

Por su parte, el 1 de noviembre de 2024, Island Portfolio, presentó una *Moción de desestimación al amparo de la Regla 83 B (1), (3), (4) y la Regla 40 del Reglamento del Tribunal de Apelaciones*, *supra*. Mediante esta, estableció que el TPI convirtió este caso al procedimiento ordinario de cobro de dinero, por lo que estableció que el señalamiento de error a dichos fines se tornó académico. Además, planteó que, toda vez que el señor Padrón Rosado no presentó evidencia alguna que acreditara que le informó al acreedor su cambio de dirección, la recurrida le cursó la correspondencia a la última dirección conocida, según se requiere en el Artículo 17 de la *Ley de Agencias de Cobros*, *supra*, sec. 981p. Sobre dicho reclamo, la recurrida concretó que el Tribunal Supremo de Puerto Rico resolvió en *Domínguez Rivera v. Tribunal Superior*, 103 DPR 117 (1974), que el requisito de enviar el aviso de cobro es un asunto de jurisdicción sobre la persona, no sobre la materia, por lo que puede ser renunciado expresa o tácitamente. Por otro lado, particularizó que el diligenciamiento de la Notificación-Citación fue válida, toda vez que se exige que se envíe a la última dirección conocida que razonablemente se cree que es de la persona demandada. Por último, alegó que Island Portfolio es la titular de la cuenta que Fairway reclamó y que le delegó la facultad de presentar reclamaciones judiciales. De esta forma, la recurrida precisó que al ser una corporación doméstica, no le aplicaba la imposición de una fianza de

no residente como condición previa para instar una acción judicial en los tribunales de Puerto Rico.

**II.**

**A.** *Certiorari*

El *certiorari* es el vehículo procesal que permite que un tribunal de mayor jerarquía revise las determinaciones de un tribunal inferior. *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *McNeill Healthcare LLC v. Municipio De Las Piedras*, 206 DPR 391, 404 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Mediante este recurso extraordinario se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra,* pág. 847. Contrario al recurso de apelación, el foro apelativo posee la facultad discrecional de expedir o denegar el recurso de *certiorari* toda vez que, de ordinario, se tratan de asuntos interlocutorios. *Íd.*

La Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1, dispone taxativamente las instancias en las que el Tribunal de Apelaciones posee autoridad para expedir el auto de *certiorari* sobre un asunto interlocutorio civil. *McNeill Healthcare LLC v. Municipio De Las Piedras, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation, et als.*, 202 DPR 478 (2019). En lo pertinente, si el asunto interlocutorio planteado no se encuentra dentro de las instancias que el ordenamiento jurídico otorga autoridad para intervenir, no se puede atender la controversia. El referido artículo dispone que el foro apelativo intermedio solamente expedirá un recurso de *certiorari* relacionado a una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, *supra,* o a la denegación de una moción de

carácter dispositivo. Véase Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1. A su vez, a modo de excepción, este tribunal puede revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

El propósito de esta regla es evitar la dilación que causaría la revisión judicial de las controversias que podrían ser planteadas en un recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corporation, et als., supra*, pág. 486; *800 Ponce de León v. AIG, supra*, pág. 175; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593-594 (2011). Ahora bien, "el hecho de que un asunto esté comprendido dentro de las materias susceptibles a revisión no justifica la expedición del auto sin más". *Medina Nazario v. McNeill Healthcare LLC, supra.*

Por otro lado, la Regla 40 del *Reglamento del Tribunal de Apelaciones, supra*, R. 40, establece los criterios que debemos considerar en el ejercicio de la facultad discrecional al momento de atender una petición de *certiorari*. A saber, con el objetivo de ejercer sabiamente la facultad discrecional, el foro apelativo intermedio debe considerar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**B. Jurisdicción**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver los casos y las controversias que se presentan ante sí. *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020). Por ello, para que un tribunal pueda adjudicar un caso, debe tener tanto jurisdicción sobre la materia así como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*; *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). La jurisdicción sobre la materia es la capacidad que ostenta el tribunal para atender y resolver una controversia sobre un aspecto legal. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*; *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). La ausencia de jurisdicción sobre la materia acarrea las siguientes consecuencias:

> (1) no es susceptible de ser subsanada;
> (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste abrogársela;
> (3) conlleva la nulidad de los dictámenes emitidos;
> (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción;
> (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y
> (6) puede levantarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Beltrán Cintrón et al. v. ELA et al.*, *supra*, págs. 101-102; *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372-373 (2018); *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2012); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009); *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997).

De otro modo, del tribunal carecer de jurisdicción sobre la materia, no tiene autoridad para atender un recurso, puesto que sólo tiene jurisdicción para así declararlo y desestimar el caso. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 395; *Lozada Sánchez et al. v. JCA*, *supra*; *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

Por otro lado, la jurisdicción sobre la persona es el poder que tiene el tribunal para sujetar a una parte a su determinación. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012); R.

Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta. ed., San Juan, Ed. LexisNexis de Puerto Rico, 2017, pág. 45. A saber, es la autoridad del tribunal para emitir una decisión que sea obligatoria para todas las partes, declarando sus derechos y obligaciones. *Trans-Oceanic Life Ins. v. Oracle Corp., supra.* Un tribunal puede adquirir la jurisdicción sobre la persona utilizando adecuadamente los mecanismos procesales de emplazamiento o mediante la sumisión voluntaria de la parte demandada a la jurisdicción del tribunal. *Márquez v. Barreto*, 143 DPR 137, 143 (1997). La Regla 10.8 (a) de Procedimiento Civil, supra, R. 10.8 (a), dispone que la defensa afirmativa de falta de jurisdicción sobre la persona se entenderá renunciada en las siguientes eventualidades:

> (1) Si no se incluye una moción de acumulación de defensas bajo la Regla 10.7, o
> (2) si no es formulada mediante una moción como se dispone en esta Regla 10 ni se incluye en una alegación responsiva o mediante una enmienda que no requiera permiso del tribunal, conforme lo dispuesto por la Regla 13.1.

La defensa afirmativa de falta de jurisdicción sobre la persona se puede renunciar expresa o tácitamente. *Trans-Oceanic Life Ins. v. Oracle Corp., supra*, pág. 702; *Márquez v. Barreto, supra.*

### C. Ley de Agencias de Cobros

En otro extremo, la *Ley de Agencias de Cobros, supra*, tiene el propósito de "proteger al deudor de malas prácticas en el proceso de cobro por parte de las agencias pero sin llegar al punto de que esta protección entorpezca indebidamente la misión de la agencia, fomente el incremento en el número de deudores morosos y aumente el mal uso del crédito". *Domínguez Rivera v. Tribunal Superior*, 103 DPR 117, 120 (1974) *citando al* Diario de Sesiones de la Asamblea Legislativa, S.O. 1968, Vol. 22, Parte 2, pág. 568. Una agencia de cobros es "cualquier persona dedicada al negocio de cobrar para otro cualquier cuenta, factura o deuda". Artículo 2 de la *Ley de Agencias de Cobros, supra*, sec. 981a. Como medida de protección para las

personas deudoras, las agencias de cobro deberán obtener una licencia expedida por el Secretario del Departamento de Asuntos del Consumidor (DACo), la cual requerirá la prestación de una fianza en efectivo, hipotecaria, bonos, pagarés u otras evidencias de deuda del Estado Libre Asociado de Puerto Rico, sus municipios y corporaciones públicas, certificados de depósitos emitidos por bancos comerciales o compañías fiadoras autorizadas para hacer negocios en Puerto Rico por la cantidad de $5,000. Véase Artículo 4 de la *Ley de Agencias de Cobros, supra,* sec. 981c; Regla 5 del *Reglamento sobre Agencias de Cobros,* Reglamento Núm. 6451, 2 de mayo de 2002, Departamento de Estado, R. 5. El propósito de dicha fianza es "garantizar el fiel desempeño de las obligaciones contraídas con respecto al recibo, manejo y transferencia de dinero obtenido en el cobro de cuentas". Artículo 7 de la *Ley de Agencias de Cobros, supra,* sec. 981f. Además, dicha fianza responderá por "cualquier pérdida o daño que se ocasione a cualquier persona por razón del incumplimiento de las disposiciones de esta ley, o de las reglas y reglamentos originadas por actos ocurridos con anterioridad a la fecha de dicha revocación". *Íd.* Véase Regla 7 del *Reglamento sobre Agencias de Cobros, supra,* R. 7.

Cuando el Secretario de DACo estime que la fianza prestada no sea garantía suficiente para satisfacer todas las reclamaciones acumuladas o eventuales contra el poseedor de la licencia, podrá requerir la prestación de una nueva fianza o una fianza suplementaria. Véase Artículo 7 (d) de la *Ley de Agencias de Cobros, supra,* sec. 981f; Regla 7 (f) del *Reglamento sobre Agencias de Cobros, supra,* R. 7 (f).

Es menester destacar que, siempre y cuando la agencia de cobro cuente con una autorización por escrito de su cliente, podrá realizar gestiones de cobro con relación a las cuentas, facturas o deudas y radicar procedimientos judiciales contra un deudor a

nombre del cliente. Véase Artículo 17 (1) y (2) de la *Ley de Agencias de Cobros, supra,* sec. 981p y Regla 16 (3) y (8) del *Reglamento sobre Agencias de Cobros, supra,* R. 16 (3) y (8).

A tenor con el Artículo 17 de la *Ley de Agencias de Cobros, supra,* sec. 981p, entre las malas prácticas que una agencia de cobros no podrá realizar se encuentra:

> [...]
> **13. Radicar acción judicial en cobro de dinero sin antes haber requerido por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo. Ningún Tribunal podrá asumir jurisdicción en una acción de cobro de dinero tramitada por una agencia de cobro sin que se alegue y se pruebe el cumplimiento de este requisito.** (Énfasis nuestro). Véase también la Regla 16 (17) del *Reglamento sobre Agencias de Cobros, supra,* R. 16 (17).

La finalidad de dicha notificación previo a instar una acción judicial en cobro de dinero es darle a la persona deudora una oportunidad final de cumplir con su obligación sin exponerlo a las consecuencias económicas, la sanción moral y la perturbación que genera todo litigio. *Domínguez Rivera v. Tribunal Superior, supra.* Este requerimiento es parte del debido proceso de ley de la persona deudora, por lo que su omisión provocará que la sentencia o resolución que emita el tribunal adolezca de validez. *Íd.,* pág. 121. Ahora bien, la persona demandada puede renunciar a esta protección libremente, sea expresa o tácitamente. *Íd.* Pues, la notificación previa a instar una acción judicial está relacionada a la jurisdicción sobre la persona, más no a la jurisdicción sobre la materia. *Íd.* A saber:

> Por la misma vía que un demandado subsana todo defecto de su emplazamiento y hasta la inexistencia del mismo, compareciendo voluntariamente a alegar sobre los hechos y méritos de la demanda y se tiene dicha comparecencia general como equivalente a su citación personal a los fines de adquisición por el tribunal de jurisdicción sobre su persona, con mayor razón podrá un demandado renunciar su derecho a una notificación previa entrando una alegación en que acepta la reclamación de la parte actora y se allana al remedio por ésta solicitado. *Íd.*

### D. Fianza de no residente

La Regla 69.5 de Procedimiento Civil, *supra,* R. 69.5 rige lo concerniente a la fianza que deben prestar las partes demandantes

no residentes. La finalidad de la referida regla es garantizar las costas, los gastos y los honorarios de abogado en los pleitos que el reclamante es una persona natural no residente o una corporación extranjera. *Yero Vicente v. Nimay Auto*, 205 DPR 126, 130 (2020); *Vaillant v. Santander*, 147 DPR 338, 345 (1998); *Reyes Martínez v. Oriental Fed. Sav. Bakn.*, 133 DPR 15, 20 (1983). Pues, de otro modo, resultaría difícil recobrar las partidas fuera de nuestra jurisdicción territorial. *Yero Vicente v. Nimay Auto, supra*; *Vaillant v. Santander, supra*; *Pereira v. Reyes de Sims*, 126 DPR 220 (1990). Por otro lado, persigue desalentar la radicación de pleitos frívolos e inmeritorios. *Yero Vicente v. Nimay Auto, supra*; *Pereira v. Reyes de Sims, supra*; *Blatt & Udell v. Core Cell*, 110 DPR 142 (1980). La aludida Regla 69.5 de Procedimiento Civil, *supra*, R. 69.5, dispone lo siguiente:

> Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal requerirá que preste fianza para garantizar las costas, los gastos y los honorarios de abogados a que pueda ser condenada. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil (1,000) dólares. El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional.
>
> Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.
>
> No se exigirá prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando:
>
> > (a) se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;
> >
> > (b) se trate de un copropietario o una copropietaria en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro de los copropietarios u otra de las copropietarias también es reclamante y reside en Puerto Rico, o
> >
> > (c) se trate de un pleito instado por un comunero o una comunera para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico.

**III.**

En el presente caso, el señor Padrón Rosado arguyó que el TPI erró al no declararse sin jurisdicción sobre la materia por no enviarse

el aviso de cobro a la última dirección conocida por Island Portfolio previo a instar la demanda y sin jurisdicción sobre la persona al no diligenciarse personalmente la *Notificación y Citación*. Asimismo, el peticionario planteó que el Foro Primario incidió al no tornar el procedimiento sumario en ordinario, aunque la recurrida alegó que ya el TPI realizó dicha conversión. Por último, el señor Padrón Rosado adujo que el Foro Primario cometió el error de no ordenar a la recurrida a prestar fianza de no residente, ya que el cliente de dicha parte es una corporación foránea.

En el caso que nos ocupa no está en controversia el hecho de que se envió un aviso de cobro al peticionario a una dirección que le pertenecía. El planteamiento del peticionario es a los efectos de que se le envió a una dirección, ubicada en el Municipio de Toa Alta, que no le pertenecía hace 17 años y que la parte recurrida admitió que conocía de una nueva dirección del peticionario ubicada en el Municipio de Aguada. Un examen del expediente revela que en un estado de cuenta con fecha de 25 de mayo de 2017, el entonces acreedor Banco Popular de Puerto Rico contaba con una dirección de correo del peticionario ubicada en Aguada. En atención a esta circunstancia, resulta imposible coincidir con el argumento de la parte recurrida de que el aviso de cobro fue enviado a la última dirección razonable del peticionario. Por tanto, no se cumplió con el requisito jurisdiccional de notificación al deudor previo a la presentación de la demanda ante el foro judicial. Ante lo anterior, y debido a que no cabe hablar en este caso de una renuncia expresa o tácita por parte del peticionario a dicho aviso, consideramos que el tribunal está privado, por disposición expresa de la Ley de Agencias de Cobro, de asumir jurisdicción en este asunto.

Si bien la anterior conclusión nos permitiría disponer del asunto, procedemos a considerar y atender el resto de los señalamientos de error. En cuanto al señalamiento a los efectos de

que el erró el TPI al no tornar el procedimiento en uno ordinario, un examen del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos revela que dicho planteamiento se tornó académico. Ello, debido a que el 18 de octubre el foro primario emitió una orden en la que determinó que los procedimientos continuarían por la vía ordinaria[17].

De otra parte, del expediente ante nuestra consideración surge que Island Portfolio es una corporación doméstica que instó el pleito como una agencia de cobro debidamente autorizada para ello mediante una licencia expedida por el DACO. Para la obtención de esta licencia dicha entidad prestó una fianza, cuyo propósito es garantizar cualquier pérdida o daño que la agencia de cobro le ocasione a un individuo por incumplir con las disposiciones estatutarias. Así pues, siendo una corporación doméstica, organizada bajo las leyes del Estado Libre Asociado de Puerto Rico y debidamente autorizada por el DACO, para desempeñarse como agencia de cobro, y autorizada por su representada para hacer las gestiones de cobro correspondientes, resulta forzoso concluir que es improcedente el planteamiento del peticionario a los efectos de que era necesario la prestación de una fianza de no residente.

Tras un análisis objetivo, sereno y cuidadoso de los documentos que obran ante nos, a la luz del derecho aplicable, y por en atención al mandato expreso del Art. 17 de la Ley de Agencias de Cobro, consideramos que, en atención a los hechos particulares del caso ante nuestra consideración, no se cumplió con el requisito de enviar un aviso de cobro a la última dirección razonable del peticionario. Ante dicha circunstancia, procede la revocación de la determinación recurrida y la desestimación de la demanda, por falta de jurisdicción.

---

[17] Entrada 43 del expediente electrónico.

## IV.

Por los fundamentos que anteceden, se expide el auto y se ordena la desestimación de la demanda, sin perjuicio.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones