Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| EL CAÑO RESORT, INC.<br><br>Demandante Peticionaria<br><br>v.<br><br>EDWIN GARCÍA RIVERA, LARISSA FONSECA SALICETTI, LA SOCIEDAD LEGAL DE BIENES GANANCIALES POR ELLOS CONSTITUIDA; JOHN DOE Y RICHARD DOE Y SU COMPAÑÍA ASEGURADORA A Y B<br><br>Demandada Recurrida | KLCE202500190 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.: J AC2016-0321 (602)<br><br>Sobre: Acción Reivindicatoria; Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 13 de marzo de 2025.

Comparece El Caño Resort, Inc. (El Caño o peticionaria) vía *certiorari* y solicita que revoquemos *Resolución* del Tribunal de Primera Instancia, Sala Superior de Ponce, emitida el 19 de diciembre de 2024. En dicho dictamen, se concedió un remedio provisional para fines de mantener la seguridad de una propiedad. Por los fundamentos que expresaremos, expedimos el auto de *certiorari* y revocamos la *Resolución* recurrida.

En síntesis, el caso de epígrafe trata de una demanda sobre una acción reivindicatoria y daños y perjuicios. Según el expediente, El Caño demandó al señor Edwin García Rivera y la señora Larissa Fonseca Salicetti (conjuntamente "recurridos"), entre otros, y alegó que

estos han ocupado ilegalmente un predio de terreno perteneciente a la peticionaria. Entre los varios trámites procesales del pleito, y en lo pertinente a la controversia ante nosotros, el 8 de febrero de 2017 el foro primario ordenó a las partes abstenerse de realizar construcciones adicionales en el terreno en controversia.

Posteriormente, el 1 de noviembre de 2024, los recurridos presentaron una *Moción en Solicitud de Providencia Judicial* y solicitaron permiso para poder colocar una verja en la propiedad por razones de seguridad y protección, más que también aludieron a que han sufrido daños por los varios desastres naturales acontecidos desde el 2017. Específicamente, y aunque estaban confiados en que prevalecerán en el pleito, los recurridos solicitaron autorización para el reemplazo de la verja sin que esto constituya una nueva construcción o viole el acuerdo inicial, pues sostienen que será un reemplazo de fácil remoción. A pesar de esta solicitud, los recurridos no complementaron su argumento con detalles sobre la ubicación, el material o los daños sufridos en la presente verja, o sobre cómo, con qué materiales y a qué extensión se colocaría la verja nueva.

Por lo anterior, el Tribunal de Primera Instancia resolvió atender la solicitud de providencia judicial como una solicitud de orden provisional bajo la Regla 56 de Procedimiento Civil de 2009 (32 LPRA Ap. V), sin que los recurridos presentaran oposición. El Caño, de su parte, disputó la solicitud por entender que incumple con las normativas aplicables a los remedios provisionales, porque el petitorio fue realizado sustancialmente a destiempo y por entender que los recurridos tratan de burlar la doctrina de la ley del caso.

Evaluadas las mociones, réplicas y dúplicas, el foro de primera instancia concedió, de manera provisional, el permiso para reconstruir la verja de reemplazo para fines de mantener la seguridad de la propiedad privada junto a las personas y bienes de la propiedad de los recurridos. Ante la solicitud de reconsideración de la peticionaria, el foro primario resolvió sin lugar.

Insatisfecha, la peticionaria recurre ante este Tribunal y alega que el foro primario erró al conceder un remedio provisional sin cumplir con los requisitos de la Regla 56 de Procedimiento Civil, *supra*, y en violación a la ley del caso. En oposición, y en lo pertinente a la presente controversia, los recurridos argumentan que (1) la Regla 56 de Procedimiento Civil, *supra*, permite la concesión del remedio provisional del foro primario; (2) la solicitud de remedio provisional no se presentó a destiempo; (3) la verja es de carácter removible; (4) el foro apelativo no puede entrar en aspectos sobre aspectos de construcciones que pudieran ser de carácter permanente; (5) la ley del caso no aplica por el caso principal de epígrafe no haber advenido a la finalidad; y (6) la controversia cae bajo las excepciones a la doctrina de la ley del caso.

De su parte, el Departamento de Recursos Naturales y Ambientales (DRNA), mediante una comparecencia especial, alega que aún existe controversia sobre la naturaleza y la identidad del predio sujeto a la demanda de reivindicación y, en efecto, la colocación de una verja nueva y de detalles ambiguos podría incidir en los intereses del DRNA de conservar una posible zona marítimo-terrestre.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor

jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil, *supra*; Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021) (citando a *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000); *Meléndez v. Caribbean Int'l News*, 151 DPR 649 (2000)).

Ahora bien, por moción de la parte reclamante, el foro primario podrá dictar cualquier orden provisional para asegurar la efectividad de la sentencia, antes o después de emitirse dicho dictamen. Regla 56.1 de Procedimiento Civil, *supra*. Para determinar si procede o no la concesión del remedio solicitado, el foro primario deberá examinar, en el ejercicio de su discreción, (1) que el remedio solicitado sea

provisional; (2) que tenga el objetivo de asegurar la efectividad de la sentencia que en su momento dicte el tribunal; y (3) considerar los intereses de ambas partes, según lo requiera la justicia sustancial y las circunstancias del caso. *Citibank et al. v. ACBI et al.*, 200 DPR 724 (2018) (citando a *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1 (2016); *Nieves Díaz v. González Massas*, 178 DPR 820 (2010); *Freeman v. Tribunal Superior*, 92 DPR 1 (1965)). Asimismo, nuestra jurisprudencia considera el remedio provisional como análogo del mecanismo de *injunction* preliminar, es decir, existe una duplicidad de mecanismo procesales entre el remedio provisional y el *injunction* preliminar, con única significante diferencia siendo la imposición o no de una fianza. *Asoc. Vec. V. Caparra v. Asoc. From. Educ.*, 173 DPR 304 (2008). Por tanto, la concesión de un *injunction* preliminar depende de (1) la naturaleza de los daños que pueden ocasionárseles a las partes de concederse o denegarse el *injunction*; (2) su irreparabilidad o la existencia de un remedio adecuado en ley; (3) la probabilidad de que la parte promovente prevalezca en los méritos; (4) la probabilidad de que la causa se tome académica; y (5) el posible impacto sobre el interés público. Íd. (citando a *PRTC v. Tribunal Superior*, 103 DPR 200 (1975) (*Per Curiam*)).

A la luz de lo anterior, el foro primario podrá conceder una variedad de remedios provisionales, cuales incluyen (1) el embargo; (2) el embargo de fondos en posesión de un tercero; (3) la prohibición de enajenar; (4) la reclamación y entrega de bienes muebles; (5) la sindicatura; (6) una orden para hacer o desistir de hacer cualesquiera actos específicos; o (7) podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso. Regla 56.1 de

Procedimiento Civil, *supra*. Sin embargo, esta lista de remedios no es taxativa, ya que el foro primario tiene la discreción para determinar si conceder o denegar el remedio y, de ordenar un remedio, la flexibilidad determinar el remedio adecuado ante las circunstancias particulares del caso bajo su consideración. *Citibank et al. v. ACBI et al.*, *supra*. Igualmente, el foro primario deberá conceder el remedio que mejor asegure la reclamación y que menos inconvenientes ocasione al demandado. Íd. (citando a *Cacho Pérez v. Hatton Gotay y otros*, *supra*; *Nieves Díaz v. González Massas*, *supra*; *Román v. SLG Ruiz*, 160 DPR 116 (2003); *M. Quilichini Sucrs., Inc. v. Villa Inv. Corp.*, 112 DPR 322 (1982) (*Per Curiam*); *Freeman v. Tribunal Superior*, *supra*).

De solicitarse un remedio provisional, el foro primario considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial. Regla 56.1 de Procedimiento Civil, *supra*. No obstante, dicho foro no concederá, modificará, anulará, ni se tomará providencia alguna sobre un remedio provisional sin notificar a la parte adversa y sin celebrar una vista, menos en lo provisto en la Regla 56.4 sobre el embargo o la prohibición de enajenar y en la Regla 56.5 sobre las órdenes para hacer o desistir de hacer. Íd. Véase, también, Reglas 56.4 y 56.5 de Procedimiento Civil, *supra*.

A esos efectos, la concesión de un remedio provisional debe conllevar la imposición de una fianza suficiente para responder por todos los daños y perjuicios que se pudiesen causar al conceder dicho remedio. *Citibank et al. v. ACBI et al.*, *supra* (citando a *Cacho Pérez v. Hatton Gotay y otros*, *supra*; *United v. Villa*, 161 DPR 609 (2004); *Pereira v. Reyes de Sims*, 126 DPR 220 (1990); R. Hernández Colón, *Derecho procesal civil*, San Juan, Ed. LexisNexis de Puerto Rico, 2017,

pág. 197). A manera de excepción, se podrá conceder el remedio provisional sin la prestación de fianza (1) si aparece de documentos públicos o privados, según definidos por ley y firmados ante una persona autorizada para administrar juramento que la obligación es legalmente exigible; (2) cuando sea un litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación, más que el foro primario considere que la demanda aduce hechos suficientes para establecer una causa de acción cuya probabilidad de triunfo sea evidente o pueda demostrarse, y haya motivos fundados para temer, previa vista al efecto, que de no obtenerse inmediatamente dicho remedio provisional la sentencia que pueda obtenerse resultaría académica porque no habría bienes sobre los cuales ejecutarla; o (3) si se gestiona el remedio después de la sentencia. Regla 56.3 de Procedimiento Civil, *supra*.

Por otro lado, nuestro ordenamiento considera como ley del caso todo derecho y obligación que ha sido objeto de adjudicación y dictamen firme en el ámbito judicial. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183 (2020) (citando a *Cacho Pérez v. Hatton Gotay y otros*, *supra*; *Mgmt. Adm. Servs. Corp. v. ELA*, 152 DPR 599 (2000)). Mediante esta doctrina, los tribunales evitarán rexaminar asuntos ya considerados dentro de un mismo caso para velar por el trámite ordenado y expedido de los litigios, más promover la estabilidad y certeza del derecho. Íd. (citando a *Mgmt. Adm. Servs. Corp. v. ELA*, *supra*; *Núñez Borges v. Pauneto Rivera*, 130 DPR 749 (1992); *Torres Cruz v. Municipio de San Juan*, 103 DPR 217 (1975)). A manera de excepción, la doctrina de la ley del caso no aplicará cuando el caso regresa para la evaluación y consideración del tribunal y este entiende

que sus determinaciones previas fueron erróneas y podrían causar una grave injusticia. Íd. (citando a *Cacho Pérez v. Hatton Gotay y otros*, *supra*; *Noriega v. Gobernador*, 130 DPR 919 (1992)).

En el presente caso, nos resulta evidente que el Tribunal de Primera Instancia erró al conceder el remedio provisional solicitado por los recurridos. Del expediente se desprende que los recurridos omitieron incluir alguna información sobre la ubicación, el material o los daños de la presente verja o sobre cómo, con qué materiales y a qué extensión se colocará la verja nueva. Así también el expediente no elucida los aspectos de seguridad a los que alude la parte recurrida como razón de la otorgación y, más bien, elude articular las particularidades que podrán justificar la acción, presumiblemente por la falta de vista al efecto. Dichos detalles, además de aquellos que involucran la teórica ubicación de las propiedades sobre una zona marítimo-terrestre, son necesarios y significativos para que el foro primario pueda dilucidar la controversia y tomar, a su discreción, la decisión más adecuada bajo las circunstancias de los hechos. Al amparo de las Regla 56 de Procedimiento Civil, *supra*, los referidos aspectos deben discutirse en una vista judicial y, del foro primario conceder el remedio solicitado, éste deberá evaluar si los recurridos cumplen con alguna excepción a la prestación de fianza.

Por los fundamentos expresados, expedimos el auto de *certiorari* y revocamos la *Resolución* recurrida. Devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procesos de la demanda y la solicitud de remedio provisional.

**Notifíquese de inmediato.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones